## Edward B. Butler v. Augustus W. Nohe.

1.  JUDGMENTS—*On Gambling Debts Can Not Be Revived by Scire Facias.*—A judgment at law obtained on a promissory note given in settlement and payment of money due or claimed upon a gambling contract contrary to the statute, can not be revived by a writ of scire facias.

2.  SAME—*Rendered on Gambling Debts, Void.*—A judgment rendered in an action upon a note given in settlement of differences resulting from a gambling transaction within section 131 of the criminal code (Hurd's R. S. 1899, p 590) is void and no execution can be lawfully issued thereon.

Butler v. Nohe.

Scire Facias, to revive a judgment. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed December 28, 1901.

J. S. McClure and Alanson C. Noble, attorneys for appellant.

G. Langhenry and O'Donnell & Brady, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

May 24, 1900, appellant sued out of the Superior Court of Cook County a writ of scire facias, on a judgment recovered by him in said court October 19, 1888, against appellee. The writ is in the usual form, and commands appellee to show cause, if any he has, why said judgment should not be revived, and why execution thereon should not issue. June 5, 1900, appellee filed a document which, in the commencement thereof, purports to be a motion, but which in the body and in its conclusion is a plea in abatement of the writ. A demurrer was sustained to this anomalous document, and the appellee was ruled to plead, which he did. Appellant demurred to the plea, the court overruled the demurrer, and, appellant electing to stand by his demurrer, rendered judgment for appellee on his plea. The plea is verified by appellee's affidavit, and is as follows:

" And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid execution against him, the defendant, because he says that the said judgment mentioned in the said scire facias was given, granted and rendered upon four certain promissory notes, and each of them, which said four promissory notes upon which the said judgment in the said suit was given, and the consideration of the said notes and the judgment thereon hereby sought to be revived, were, and each of them was given, executed, drawn and entered into in settlement and payment of money claimed to be due from the defendant upon certain transactions, which said transactions were gambling contracts, and contrary to the statute and void, by which said contracts the said defendant took and gave to the payees of the said several promissory notes

certain options to buy and sell at a future time, certain grain and other commodity, which this defendant did not intend to receive or deliver, and which the said payees of the said several promissory notes did not intend to receive or deliver, and that the said promissory notes were, and each of them was, so given by this affiant in payment of differences between the market price of such grain and other commodities on the day of settlement, and the price at which said options were, and each of them was, so taken and given, and that by and under the statutes in such case made and provided, each of the said promissory notes and the judgment aforesaid was, and is void, and of no effect; and this the defendant is ready to verify : Wherefore, he prays judgment if the plaintiff ought to have his aforesaid action against him, etc.       G. LANGHENRY.

                         O'DONNELL & BRADY,

                      Attorneys for Defendant."

It must be assumed, for the purpose of passing on the sufficiency of the plea, that the material facts averred in it are truly averred, and the question to be determined is, whether these facts constitute a legally sufficient reason why the judgment should not be revived.

The criminal code contains the following sections :

" Sec. 130. Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain, or other commodity, stock of any railroad or other company, or gold, or forestalls the market by spreading false rumors to influence the price of commodities therein, or corners the market, or attempts to do so in relation to any of such commodities, shall be fined not less than $10 nor more than $1,000, or confined in the county jail not exceeding one year, or both; and all contracts made in violation of this section shall be considered gambling contracts, and shall be void.

" Sec. 131. All promises, notes, bills, bonds, covenants, contracts, agreements, judgments, mortgages, or other securities or conveyances made, given, granted, drawn or entered into, or executed by any person whatsoever, when the whole or any part of the consideration thereof shall be for any money, property, or other valuable thing won by gaming, or playing at cards, dice, or any other game or games, or by betting on the side or hands of any person gaming, or by wager or bet upon any race, fight, pastime, sport, lot, chance, casualty, election, or unknown or contin-

gent event whatever, or for the re-imbursing or paying any money or property knowingly lent or advanced at the time and place of such play or bet, to any person or persons so gaming or betting, or that shall, during such play or betting, so play or bet, shall be void and of no effect."

"Sec. 135. All judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements, and other acts, deeds, securities, or conveyances, given, granted, drawn or executed, contrary to the provisions of this act, may be set aside and vacated by any court of equity, upon bill filed for that purpose, by the person so granting, giving, entering into, or executing the same, or by his executors or administrators, or by any creditor, heir, devisee, purchaser, or other person interested therein; or if a judgment, the same may be set aside on motion of any person aforesaid, on due notice thereof given."

A contract such as is mentioned in section 130, is expressly declared by the section to be a gambling contract and void, and the Supreme Court has applied the section in accordance with its plain terms, and has also held that a note, given in consideration of and as a result of such contract, is void. Tenney v. Foote, 95 Ill. 99; Pearce v. Foote, 113 Ib. 228; see also Jamieson v. Wallace, 167 Ib. 386, 396.

We think it clear that the transactions alleged in the plea to have occurred between appellant and appellee were gambling contracts, and within the prohibition of section 130; and that notes given for the settlement of differences resulting from such gambling contracts are within section 131, and void. Pearce v. Foote, *supra.*

Therefore it follows, as we think, that the judgment alleged by the plea to have been given in payment of said differences might, under section 135, above quoted, have been set aside on due notice and proof of the facts alleged in appellee's plea. Appellant's counsel contends that relief against the judgment can only be had in equity, and, in support of this contention, cites Mallet v. Butcher, 41 Ill. 383, West v. Carter, 129 Ib. 249, and Jamieson v. Wallace, 167 Ib. 388. These cases are authority that relief from such a judgment may be had in equity, but are no authority whatever for the proposition that relief may not be had at law, by motion. In Mallet v. Butcher and West v. Carter,

*supra*, it was contended by counsel that the remedy was at law. In the former case, Breese, J., delivering the opinion of the court, says :

" We hold, application may be made, in the spirit of this law, in the first instance, to a court of equity, and it would be absurd to say that such a court can not do, under the terms of this law, by bill regularly filed, what the court, on a mere motion, could do."

The concluding language of section 135 is : " Or, if a judgment, the same may be set aside on motion of any person aforesaid, on due notice thereof given." Motion where? Clearly, in the court in which the judgment was rendered. A court of equity would not entertain such motion for a judgment for a moment. To hold the contention of appellant's counsel sound, would be, practically, to nullify the provision of the statute giving a remedy by motion. The contention of appellant's counsel, that appellee having had an opportunity to make the defense set up by the plea in the suit in which the judgment was rendered, is concluded by the judgment, is fully answered in Mallet v. Butcher, *supra*, the court saying, in respect to the statute :

" This provision takes all such cases out of the general rule, that a defense must be made at law, if action is brought on the gaming contract."

It is further contended that the only judgments which can be set aside on motion, are judgments confessed, or those entered by collusion, and not such as are adversary. This contention is answered in West v. Carter, 129 Ill. 253, the court saying :

" We should, perhaps, notice the contention of counsel for appellant, that sections 131 and 135 of the criminal code can have no application to judgments unless rendered by confession; that is, these sections of the statute, in their application to judgments, affect only such as result directly from the voluntary act of the defendant, and not adversary judgments. We are not prepared to so restrict the operation of the statute," etc.

We think the contention that relief may be had, on motion of the judgment defendant, against a judgment en-

Butler v. Nohe.

tered by his confession or collusion, and not against a judgment rendered contrary to his will, illogical, if not absurd. The plea in question is not a motion.    Appellee is not the actor in the proceeding, but the *reus* or defendant.    He is not the moving party.    He is limited by the terms of the writ to showing cause, if any there be, why the judgment should not be revived; so that the question whether the judgment could be set aside on mere motion, under section 135 of the statute, is not directly presented.    But appellant's counsel, apparently recognizing that if on the facts stated in the plea the court could vacate and set aside the judgment on appellee's motion the plea is a sufficient showing why the judgment should not be revived, contends that the judgment could not be so vacated or set aside.

In West v. Carter, *supra*, the court say :

" When a judgment had been obtained at law, upon a promissory note given for money won at gaming, it was held, upon bill filed by the master, under section 135 of the act, that the judgment was void, and it was accordingly set aside.    (Mallet v. Butcher et al., 41 Ill. 382.)    It was there said :    ' It was the intention of the legislature to make all judgments, like the contracts on which they are founded, absolutely void, of no vitality, *and they can not be vitalized by any court.*"

If, as is here said, such a judgment as that described can not be vitalized by any court, certainly no court can revive it or issue execution on it.

The contentions of appellant's counsel—that the remedy against a judgment based on a gambling contract is solely in equity, that such a judgment can not be set aside on motion, and that the court is powerless to set aside such a judgment at a time subsequent to that at which it was rendered—are irrelevant, and not only so, but fallacious.    The appellee was called upon, by the writ issued on appellant's motion, to show cause why the judgment should not be revived, and the facts averred in the plea constitute legally sufficient cause why it should not be revived.

The judgment will be affirmed.